IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHROCIA WADDELL, | ) | 8:14CV264 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DR. RICHARD OSTERHOLM, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Chrocia Waddell filed her Complaint in this matter on September 9, 2014. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. BACKGROUND

Plaintiff brought this action against Dr. Richard Osterholm, a physician who treated her from 1998 to 2011. (Filing No. 1 at CM/ECF pp. 1-2.) Plaintiff saw Dr. Osterholm because of "problems with [her] stomach being sick." (*Id.* at CM/ECF p. 1.) In response, Dr. Osterholm prescribed the medication Compazine for Plaintiff's nausea. He continued to do so throughout the course of Plaintiff's treatment. (*Id.*) In October 2012, Plaintiff was diagnosed with Tartive Dyskensia, which was caused by Plaintiff's ongoing use of Compazine. (*Id.* at CM/ECF p. 2.) Because of the Tartive Dyskensia, Plaintiff no longer produces saliva, which caused her teeth to rot. In addition, Plaintiff suffers from involuntary facial movements. (*Id.*) In 2013, Plaintiff's teeth were removed and she was fitted with "dentures with implants because [her] mouth moves all the time." (*Id.*)

Plaintiff argues that Dr. Osterholm should have known that "giving [her] the Compazine for as long as he did" would result in illness. (*Id.* at CM/ECF pp. 2-3.)

As relief in this matter, Plaintiff seeks $5 million as compensation for her pain and suffering.

## II. STANDARD ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, "when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Here, Plaintiff alleges a medical malpractice claim against Defendant. Plaintiff resides in Phoenix, Arizona, and Defendant resides in Nebraska. (Filing No. 1 at CM/ECF p. 1.) In addition, Plaintiff alleges the amount in controversy is $5 million, an amount greater than $75,000.00. Thus, subject matter jurisdiction is proper in this court pursuant to 28 U.S.C. § 1332, and the court will allow this matter to proceed to service of process. Plaintiff is cautioned that this is only a preliminary determination based on the allegations set forth in the Complaint. It is not a determination of the merits of her claims or a decision with respect to any defenses that may be raised in response to her Complaint.

IT IS ORDERED:

1. This matter may proceed to service of process.

2. The Clerk of Court is directed to send to Plaintiff a copy of the Complaint, a copy of this Memorandum and Order, and one summons form and one USM 285 Form. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 120 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

3. If requested to do so in this matter, the United States Marshal will serve all process in this case without prepayment of fees from Plaintiff. In making such a

request, Plaintiff must complete the USM 285 form to be submitted to the Clerk with the completed summons form. Without these documents, the United States Marshal will not serve process.

4. Upon receipt of the completed forms, the Clerk of Court will sign the summons form and forward it to the Marshal for service on Defendant, together with a copy of the Complaint.

5. The Clerk is directed to set a pro se case management deadline in this case with the following text: May 25, 2015: Check for completion of service of summons.

DATED this 22nd day of January, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.