IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHROCIA WADDELL,<br><br>                Plaintiff,<br><br>vs.<br><br>DR. RICHARD OSTERHOLM,<br><br>                Defendant. | 8:14-CV-264<br><br>MEMORANDUM AND ORDER |

      The plaintiff, Chrocia Waddell, is suing the defendant, Richard Osterholm, M.D., on the basis that he prescribed a medication called Compazine to her, and that the Compazine caused her to develop tardive dyskinesia. Filing 1-1 at 1–2. The defendant has moved to dismiss (filing 11). For the reasons discussed below, the defendant's motion to dismiss will be granted.

BACKGROUND

      The plaintiff, an Arizona resident, alleges that the defendant, a Nebraska resident, was her physician between 1979 to at least 2011, and that she saw him in Omaha, Nebraska. Filing 1-1 at 1–2. She alleges that he prescribed her Compazine, along with other medications, for nausea beginning in or before 2006. Filing 1-1 at 1. The plaintiff alleges that the defendant did not conduct tests to discover the reason for her nausea, and that he continued to prescribe her Compazine for some period of time. Filing 1-1 at 1. According to the plaintiff, in 2010, she visited Isabel Musial, M.D., who noticed that the plaintiff was "moving strangely," that she "was unable to sign [her] name because [she] shook all over [her] body," and that she had difficulty controlling her mouth and other body movements. Filing 1-1 at 1–2. The plaintiff alleges that Musial referred her to Jeffrey Gitt, M.D., a neurologist. Filing 1-1 at 2. Gitt was unable to diagnose the plaintiff, and referred her to the Movement Disorder Clinic at Barrows Neurological Center. Filing 1-1 at 2.

      In October 2012, Anthony Santiago, M.D., a physician at the Movement Disorder Clinic, diagnosed the plaintiff with tardive dyskinesia. Filing 1-1 at 2. The plaintiff alleges that this condition "ruined [her] life" and that she continues to experience severe symptoms. Filing 1-1 at 2. For instance, she has little control of her facial and mouth movements, causing her great distress, and had to have her teeth pulled because her mouth produces no saliva. Filing 1-1 at 2. She alleges that her symptoms are not likely to improve, and may worsen, and

that they have caused depression and withdrawal from life. Filing 1-1 at 3. The plaintiff alleges that her tardive dyskinesia was caused by the Compazine the defendant prescribed, and that the defendant should have known that the Compazine would cause this condition. Filing 1-1 at 3.

## STANDARD OF REVIEW

A complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but it demands more than an unadorned accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint need not contain detailed factual allegations, but must provide more than labels and conclusions; and a formulaic recitation of the elements of a cause of action will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For the purposes of a motion to dismiss a court must take all of the factual allegations in the complaint as true, but is not bound to accept as true a legal conclusion couched as a factual allegation. *Id.* And to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must also contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal,* 556 U.S. at 678.

## DISCUSSION

The defendant moves to dismiss the plaintiff's complaint, arguing that the claims are barred by the Nebraska statutes of limitation. Filing 12 at 4. When it appears from the face of the complaint that the limitation period has run, a limitations defense may properly be asserted through a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Smithrud v. City of St. Paul,* 746 F.3d 391, 396 n.3 (8th Cir. 2014).

A federal court sitting in diversity applies the statutes of limitation of the state in which it sits. *Guar. Trust Co. of N.Y. v. York*, 326 U.S. 99, 111 (1945). Thus, this Court looks to Nebraska law. Under Nebraska law, two possible statutes can apply to a claim of professional negligence: Neb. Rev. Stat. § 25-222, which relates to professional negligence generally, and the Nebraska Hospital-Medical Liability Act, Neb. Rev. Stat § 44-2828, which applies more specifically to physicians. The former statute states in relevant part:

> Any action to recover damages based on alleged professional negligence . . . shall be commenced within two years next after the alleged act or omission in rendering or failure to render professional services providing the basis for such action; *Provided*, if the cause of action is not discovered and could not be reasonably discovered within such two-year period, then the action may be commenced

2

within one year from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier . . . .

Neb. Rev. Stat. § 25-222. And the Nebraska Hospital-Medical Liability Act contains a nearly identical provision. Neb. Rev. Stat § 44-2828.

Thus, in general, a claim alleging that a physician was negligent must be brought within 2 years of the alleged negligent act. But if the cause of action was not, and could not reasonably have been, discovered within that 2-year period, the claim may be brought up to 1 year either after it was discovered, or after it reasonably should have been discovered.

Here, the plaintiff filed the present action on September 9, 2014. *See* filing 1. And according to the plaintiff, the alleged negligent acts—the defendant prescribing the plaintiff Compazine—occurred between 2006 and 2011. *See* filing 1-1 at 1–2. Thus, the plaintiff was required to file her claims within 2 years of 2011: by the end of 2013. The fact that the plaintiff did not immediately discover that the alleged negligent acts harmed her does not affect the limitations period in this case. *See* filing 1-1 at 2. The plaintiff was diagnosed with tardive dyskinesia in October 2012. Filing 1-1 at 2. Thus, the plaintiff discovered her cause of action within 2 years of the alleged negligent acts, and the statute of limitations is not tolled. *See Carruth v. State*, 712 N.W.2d 575, 580 (Neb. 2006). The present action is, therefore, time-barred by Nebraska law.

It is apparent from the face of the complaint that no other basis for tolling the statutes of limitation is available. *See, e.g. Condon v. A.H. Robins Co., Inc.*, 349 N.W.2d 622, 627 (Neb. 1984). Accordingly, the Court grants the defendant's motion to dismiss the plaintiff's claims.

IT IS ORDERED:

1. The defendant's motion to dismiss (filing 11) is granted.

2. The plaintiff's complaint is dismissed.

3. A separate judgment will be entered.

Dated this 25th day of January, 2016.

BY THE COURT:

*[signature: John M. Gerrard]*

John M. Gerrard
United States District Judge